ANDERSON v. MONROE et al.

(Circuit Court, W. D. Pennsylvania. April 5, 1893.)

No. 40.

PATENTS FOR INVENTIONS—ABANDONMENT—MANTELS.

 In a suit for the infringement of design patent No. 19,876, issued June 3, 1890, to W. Anderson, for a design for mantels, the defense was that the patented device had been sold publicly, and used, more than two years before the patent was applied for. It was shown that a witness had received a consignment of mantels from the patentee more than two years before the application, and another consignment within the two years. Defendant's own evidence was conflicting, as to whether the exhibit produced, and embodying the patented device, was received in the first consignment, or the second. Plaintiff introduced express evidence that it was sent in the second consignment, and the exhibit itself was marked with a stencil which it was shown was not in use until after the first consignment was made. *Held*, that the evidence was not sufficient to sustain the defense.

In Equity. Suit by W. Anderson against W. T. Monroe and Edward T. Germain for the infringement of a patent. Bill dismissed as to Germain, and decree for complainant against Monroe.

W. L. Pierce, for complainant.
W. Bakewell & Sons, for respondent.

BUFFINGTON, District Judge. This is a bill filed by William Anderson against W. T. Monroe and Edward T. Germain, alleging infringement of design patent for mantels, No. 19,876, applied for by Anderson March 17, 1890, and granted June 3d following. The design is known as the "Anderson FF Mantel." On application the bill was heretofore dismissed as to Germain for want of jurisdiction. The answer of Monroe, the respondent, admits that in August, 1890, he sold mantels of the design shown in the letters patent sued on, but that he did not then know of the grant thereof; denied subsequent infringement; averred that complainant, having before the grant of the patent sold mantels of the design in controversy, continued to sell them thereafter without marking them "Patented," together with the date of the patent; denied novelty and patentability in the design. In a supplemental answer, public sale, use, and exposure to sale, of the designed device, more than two years previous to the application, were set up. The novelty and patentability of this design were sustained in this court in Anderson v. Saint, (No. 20, November term, 1890,) 46 Fed. Rep. 760. We see no reason, under the proofs, to depart from that decision.

As bearing on the question of prior use, we may refer to the opinion in the case between the same parties at No. 39, November term, 1891, involving the BB design mantel. 55 Fed. Rep. 398. The relationship of the parties, the general facts, the measure of proof required, and other matters akin to this case, are there set forth. As therein stated, as here also, we decline to sustain, so far as injunction is concerned, the defense set up by reason of complainant's failing to stamp his mantels.

The question of prior sale, so far as this case is concerned, is based on two orders given to Anderson by Heckert & McCain, by letters,—one dated March 9, 1888, calling, inter alia, for "one mantel, at $4.00; two brackets, instead of one wide bracket;" the other, March 12th, for "one mantel at $4.00, same as now ordered." The entire orders in two letters are for eight mantels. On March 15, 1888, by an account between Anderson and Heckert & McCain, shown in evidence, the latter are charged with eight mantels, viz. 1 A, $2; 1 BB, $2.75; 5 C, $15; and 1 D mantel, $3.50. It is contended by the respondent the Anderson F design mantel, in controversy, is an Anderson D design, with brackets added, and, this order being for such brackets, the mantel charged as a D was in fact an F, and was a prior sale. It is to be noted that on March 17th, in the same account, Anderson charges for 3 F mantels at $4 each, and the shipment is verified by a freight receipt dated March 19th. Morrow, the manager of Heckert & McCain, testifies his order of March 9th was for an Anderson F mantel; that the charge of March 15th in the account comprises the same; and that it is included in the sale made by Heckert & McCain to T. J. Williams, a contractor, on March 17th. He also produces the wagon receipt book of the firm, showing a delivery to Williams of eight mantels, and a charge of seven mantels in the account with Williams on said day, one D mantel being named among them. Williams, the contractor, testifies to placing the mantels received from Heckert & McCain in two houses he was building for Steim; says the houses were finished and occupied April 1st following. His testimony is not very specific. He says the front rooms in the two houses had mantels resembling the F mantel, shown in evidence, while the balance of the house had the C mantels; facts at variance with his account, the account of Anderson with Heckert & McCain, and Morrow's testimony, if the contention of the respondent's counsel be correct. Respondents also produce from the house an Anderson F and a C design mantel. Both are stamped with a stencil shipping mark, and Exhibit F has a stencil brand as an F mantel. This latter fact is significant. If F mantels are distinctively charged as such on March 17th, and at four dollars, why are they in the same account, two days before, charged as D mantels, and at a different price? This doubt of respondent's contention amounts to refutation when the further fact is considered that the mantel in evidence is stencil-stamped as an F mantel. Why should Anderson's employes stamp this mantel as an F design, which it confessedly is, and charge it at a less price, and as a D design, which it confessedly is not? To add to the uncertainty, the testimony of Means, and he is corroborated, is that these stencils were not used at Anderson's establishment until after April 1, 1888, when he went there to work. A careful examination of the testimony does not convince us that the charge of March 15th, and the shipment evidenced by the freight receipt of March 17th, included an Anderson F design mantel. If it was embraced in the charge of March 17th, and the shipment evidenced

by the freight receipt of March 19th, the sale was not made two years before the application. We are of opinion the bill must be sustained. Let a decree be prepared.